CHOUQUETTE *et al.*, Plaintiffs in Error, v. BARADA *et al.*, Defendants in Error.

1. In order to constitute such a continuous adverse possession in successive occupants as will amount to a bar under the statute of limitation, it is necessary that there should be some privity between such occupants.

2. A will not providing for children of the testator, though voidable under section 20 of the act concerning wills and testaments, (R. C. 1825, p. 795,)

by those injured by it, is good as against strangers; unless the children of the testator assert their right against the will, the title will remain in the devisee.

3. A finding by the court that possession has been held adversely, is equivalent to a finding that the possession has been held under a claim of title.

*Error to St. Louis Land Court.*

This was an action in the nature of an action of ejectment, to recover possession of a lot in the city of Carondelet. The petition, so far as it is necessary to set forth the same, is as follows : " Plaintiffs state that they are tenants in common of the following described lot of ground or parcel of land, lying in the city of Carondelet [describing it] ; that said plaintiffs are entitled to immediate possession of said land, as tenants thereof, in fee simple absolute, having acquired the same by deed from the city of Carondelet, dated August 14th, 1852, and herewith filed, and the said Moritz Taussig and William Taussig have acquired by deeds, herewith filed, the interest conveyed by said deed of the town of Carondelet to Antoine Motier and Ophelia, wife of Joseph N. Vien, so that the said Julien Chouquette is entitled to one half of said land in his own right, the said Julien Chouquette and Victoire his wife, in right of the said Victoire, are entitled to one-eighth of said land, the said Charles Motier to one-eighth, and the said Moritz and William Taussig to one-fourth ; that the said land was formerly part of the commons of Carondelet, and was conveyed as aforesaid to the said parties, who are legally entitled to the possession thereof in the proportions above named and mentioned," &c., &c.

Sullivan and Papin, landlords of Barada, being permitted to defend, by their answer denied the title of plaintiffs, and set up the statute of limitations.

It was agreed that the cause should be tried by the court upon certain agreed facts and admissions, the substance of which is as follows : " It is admitted that the land in controversy lies within the survey made of the common of Carondelet in

1834 by Brown, and in that part of it lying north of the River des Peres ; that Antoine Motier resided on the land in controversy from 1825 until his death, which took place in 1834, about the 1st March ; that he left eight children, whose names are Antoine (1), Victoire (2), married to Julien Chouquette, Charles (3), Baptiste (4), Andrew (5), Elizabeth (6), married to Garci, Louis (7) and Ophelia (8), and also his widow, Felicité ; that Felicité died before 1st August, 1852 ; that the annual value of the land is twenty-five dollars, and at that rate per month ; that Carondelet was incorporated on the 2d of August, 1832.

" On the part of the defendants, it is admitted by the plaintiffs that Antoine Motier occupied and lived on the land sued for from the year 1825 till his death in 1834, and that Felicité, his widow, occupied and lived on the same land from her husband's death until October, 1847 ; that by virtue of a regular judgment against Felicité Motier, the sheriff of St. Louis county levied on and sold to Sullivan and Papin the land in controversy, as the land of Felicité Motier, the deed to Sullivan and Papin being executed in 1845 ; that Sullivan and Papin then sued Mad. Motier in ejectment, recovered judgment, and executed a writ of possession in October, 1847, and that ever since then Sullivan and Papin have had possession of said land, claiming it as their own.

" By the defendants it is admitted that in the interval between 1834 and 1853, the town of Carondelet has repeatedly recognized Brown's survey of the common ; that after the death of A. Motier, his family continued to reside with their mother on the land in controversy for several years ; that A. Motier died in March, 1834, having first made his will, by which, without mentioning or providing for any of his children, he gave all his interest in this land to his widow, Felicité."

The finding of the court was as follows : " Upon the pleadings, evidence and admissions of the parties, the court finds the following facts, to-wit : 1. That the land described in the petition lies within and was formerly part of the Carondelet com-

mons ; that the city of Carondelet, by deed dated August 14th, 1852, conveyed all its estate and interest therein, as follows : to the plaintiff, Julien Chouquette, one half ; to the plaintiff, Victoire Chouquette, one eighth ; to the plaintiff, Charles Motier, one eighth, and to Antoine Motier, and Ophelia, wife of Joseph N. Vien, each one eighth ; and that before the commencement of this suit, the plaintiff, Moritz Taussig, by deed, acquired all the interest of the said Ophelia and her husband in the said premises, and the plaintiff, Wm. Taussig, in the same manner acquired all the interest of said Antoine Motier therein.    2. That the defendants, Sullivan and Papin, are in possession of said land, and have been in possession thereof, claiming the same as their own, from the 6th of October, 1847, and the said Sullivan and Papin, and Felicité Motier and Antoine Motier, under whom said defendants claim, have been in the actual and continuous possession of said land from the year 1825 to the present time, and have held the same during said time adversely to the inhabitants of the town of Carondelet, and, after the incorporation of the city of Carondelet, adversely to the said city, under which the plaintiffs claim title.    3. That the inhabitants of the town of Carondelet were incorporated August 2d, 1832, and the city of Carondelet on the 1st day of March, 1851.

" Upon the facts of this cause as found, the court is of opinion, and so declares the law to be, that the plaintiffs are not entitled to recover."

Judgment was accordingly for defendants.    Plaintiffs bring the case here by writ of error.

*T. T. Gantt*, for plaintiffs in error.    I. There was no bar by the statute of limitations, because, 1st. The approved United States survey of the common of Carondelet bears date July 29, 1834, and this suit was brought within twenty years of that date, to-wit, on 28th January, 1854.    Before that survey was approved, there was no complete right of action, and in fact no right of action at all.    2d. There was no adverse possession of the land, or no possession of it adverse to the

heirs of A. Motier, before the 6th October, 1847. 3d. Less than twenty years elapsed between the death of A. Motier and the bringing of this suit, and defendants claim under a different person from the heirs of Motier. 4th. Defendants can not connect their possession with that of Motier, sr. The will of A. Motier was, as against his children, a nullity. 5. The case does not state any evidence or contain any admission warranting the inference that the possession of Madame Motier was adverse to her children. 6th. Mad. Motier's possession was not exclusive. The case states that her children lived with her on the land for several years. They had the right of their father, be it much or little, by descent from him, the attempt to devise to their mother being a nullity. 7th. Mad. Motier's possession was the possession of her children, and would be so, no matter what her intentions were on the subject. The law will hear no evidence to vary its own intendment. (See generally Donald v. Byrne, Batty's Rep. 373 ; Cook v. Nicholas, 2 Watts & Serg. 27 ; Buller's Nisi Prius, 102 ; 1 Fairfield, 256 ; R. C. 1825, Act concerning Wills and Testaments, sec. 20, p. 795 ; 7 Paine C. C. 457 ; 9 Wheat. 288, 289 ; 2 Serg. & R. 527 ; Reading v. Royston, 2 Salk. Rep. 423 ; Empson v. Shackelford, 5 Burr, 2604.)

*S. Reber*, for defendants in error.

I. The deed of Carondelet of August, 1852, passed no title for the obvious reason that the city had no title to convey. Twenty years' adverse possesssion had taken away the common title. (Biddle v. Mellan, 13 Mo. 353 ; Joyal v. Rippey, 19 Mo. 660, 667 ; Blair v. Smith, 16 Mo. 273.)

II. The inhabitants of Carondelet were incorporated August 2, 1832, and could have brought their suit immediately with or without a survey. (Carondelet v. McPherson, 20 Mo. 192.)

III. There was a possession for twenty years *adverse* to Carondelet, and it is totally immaterial that it was held part of the time by the ancestor of some of the plaintiffs. The plaintiffs can not declare on one title and recover on another. (Butcher v. Death, 15 Mo. 271 ; Link v. Vaughn, 17 Mo. 585 ; Perry v.

Barrett, 18 Mo. 140 ; Duncan's adm'r v. Fisher, 18 Mo. 403 ; Beck v. Ferrara, 19 Mo. 30 ; Payne v. Clark, 19 Mo. 152. ) Besides, the plaintiff, Julien Chouquette, shows no connection with the possession of the Motiers.

IV. The possession of the defendants, Sullivan and Papin, and that of Felicité Motier and Antoine Motier, was so connected as to be a continuous possession of more than twenty years adverse to Carondelet, and of course adverse to any claiming under Carondelet. (Angel on Lim. p. 447.)

Scott, Judge, delivered the opinion of the court.

It is apparent from the petition that the plaintiffs only claim through the title they acquired from Carondelet, and on that they rely for a recovery in this case. This makes it unnecessary to inquire into any title they or any portion of them may have as the heirs of Antoine Motier.

It can not be disputed that, in order to make a continuous adverse possession in successive occupants, it is necessary that there should be some privity between them. When one occupant enters after another, it must be with the consent of his predecessor, indicated by contract, or by an act of the law passing the possession from one to another, in order to make a continuous adverse possession.

Possession may be adverse as to one, whilst it is not so as to another. Mrs. Motier's possession may have been adverse to Carondelet and not to her children. This consideration, so far as the present case is concerned, disposes of all the authorities produced by the plaintiffs to show that the possession of the matter was not adverse to her children. The law of those cases is not controverted.

The question presented for our determination is, whether there was an adverse possession of sufficient duration, as against the town of Carondelet, to bar the plaintiffs who rely exclusively on the title derived from that town. Whether we regard Mrs. Motier as holding under the will of her deceased husband, or

in virtue of her right to quarantine, either aspect will make her possession in privity with that of her husband, and that possession, when transferred by act of the law, will constitute a continuity of her adverse possession in those to whom her right was transferred. The will of Motier was not a nullity. An inofficious will or testament, though voidable by those who are injured by it, yet, as against strangers, passes the title to the devisees or legatees. Had Mrs. Motier brought an ejectment against a stranger, and relied on her husband's will in support of her title, we know of no principle on which the stranger could assert its nullity on the ground that the children of the testator were unprovided for. *Qui libet potest renunciare juri pro se introducto.* The children are not bound to claim against the will, and if they renounce the right conferred by law, who shall insist on it for them? If the children should never assert their right against the will, the title must remain in the devisee. This is similar in principle to the cases in which the law declares instruments void as to those who are injuriously affected by them, whilst it holds them effectual between the parties. Besides, the proviso to the 20th section of the act concerning wills, (R. C. 1825,) shows that the will, though by its terms it makes no provision for the children, yet by evidence *aliunde* may be supported by establishing the fact that the children were provided for in the lifetime of the testator— a provision entirely inconsistent with the idea that an inofficious will is a nullity. When the children complain, the widow may show that they were advanced in the lifetime of the testator ; but surely, she will not be required to do this at the suit of a stranger. In addition to this, the 23d section of the same act provides a remedy by which the pretermitted children may obtain their rights under an inofficious will, which scarcely contemplates that such a will is an absolute nullity. The will of Motier being only voidable by his heirs in the event they were not advanced in his lifetime, until it was avoided the right to the possession was in his wife, and that possession having been transferred to the defendants by the act of the law, there

was such a privity of possession between Motier and his wife, and between his wife and the defendants, as would make a continuous adverse possession for more than twenty years as against the town of Carondelet.

As the facts are found which constitute the adverse possession, and as it is stated in the finding that the possession was adverse to Carondelet, the implication necessarily arises that Mrs. Motier held claiming title. We think it sufficiently appears that she held and occupied claiming title adversely to the town. Though not found in so many words, it is in equivalent language. In the case of Pijopscot Proprietors v. Nicholas, (10 Maine, 256,) the finding was, " that the defendant has held quiet possession of the demanded premises for more than twenty years," — a finding different from that in this case, inasmuch as it is entirely silent as to the hostile character of the possession.

Since the above opinion was written, it having been suggested that the plaintiffs have another title which was not tried in this action, and that it may be jeoparded by an affirmance of this judgment, the cause will be remanded, at the costs of the plaintiffs ; Judge Ryland concurring.