, MILNER v. SIMS et al.   (No. 1364.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 3, 1914.)

1. EVIDENCE (§ 472*)—OPINION EVIDENCE—MENTAL CAPACITY.

The opinion of a family physician as to mental capacity to make a will or deed is inadmissible, as an invasion of the province of the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195, 2248; Dec. Dig. § 472.*]

2. DEEDS (§ 211*)—INCOMPETENCY OF GRANTOR—EVIDENCE—SUFFICIENCY.

Evidence held insufficient to support a finding that a grantor was mentally incompetent when executing a deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–647; Dec. Dig. § 211.*]

3. DEEDS (§ 196*)—INCOMPETENCY OF GRANTOR—PRESUMPTION—BURDEN OF PROOF.

A grantor is presumed, at the time of the execution of a deed, to have had sufficient mental capacity to dispose of her property as she saw fit, and the burden rests on parties seeking to set the deed aside for incapacity to show otherwise.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 587–593, 649; Dec. Dig. § 196.*]

4. APPEAL AND ERROR (§ 719*)—REVIEW—JURISDICTION BELOW.

Lack of jurisdiction of the trial court is fundamental, and it must be considered on appeal, even without assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

5. QUIETING TITLE (§ 7*)—WILLS (§ 205*)—WILL AS CLOUD—PROBATE.

A will not probated does not constitute a cloud on title, and, until it has been, is no evidence of title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7;* Wills, Cent. Dig. §§ 507, 509–512, 561, 928; Dec. Dig. § 205.*]

6. WILLS (§ 257*)—PROBATE AND PROOF OF EXECUTION — JURISDICTION OF DISTRICT COURT.

The power of probating wills or proving their execution for record as muniments of title is lodged by law in the county court, and the district court can only pass on such question in cases appealed; and hence in an original proceeding, as by suit to set a will aside, it cannot forestall the action of the county court and deprive it of its original jurisdiction to determine issues as to validity of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 592, 593; Dec. Dig. § 257.*]

Appeal from District Court, Hopkins County; Wm. Preisor, Judge.

Suit by Ready Sims and others against M. F. Milner. From a judgment for plaintiffs, defendant appeals. Reversed.

J. H. Beavers and W. G. Russell, both of Winnsboro, for appellant. C. O. James and C. E. Sheppard, both of Sulphur Springs, and W. D. Suiter, of Winnsboro, for appellees.

HODGES, J. This is a suit filed by the appellees to cancel a deed and a will in which certain property was conveyed to the appellant. The facts show that Mrs. M. A. Speer was the widow of J. M. Speer, who died in 1890. At the time of his death Speer and his wife owned a tract of land situated in Hopkins county, on which the widow continued to reside until October, 1912. Some time during that month she left her former home, and thereafter resided with her daughter Mrs. Milner, the appellant herein, who

lived in Wood county. Mrs. Speer died some time during the month of May, 1913. About ten days or two weeks before her death she made a deed, in which she conveyed her interest in her real estate to her daughter Mrs. Milner. The consideration expressed in the deed was love and affection and care and attention for the grantor during the remainder of her life by Mrs. Milner. About the same time she made a will, in which all of her property was bequeathed to Mrs. Milner. This suit was instituted by Mrs. Meed (one of the surviving daughters of Mrs. Speer) and the children of a deceased daughter, and in it they seek to have both the deed and the will canceled, as clouds upon their title to the property they would otherwise acquire by inheritance from Mrs. Speer. It is alleged that at the time of the making of the deed and will Mrs. Speer was aged and infirm; that her mind had become impaired to such an extent that she was incapable of making either a valid deed or a valid will. It is further charged that undue influence was used by Mrs. Milner to induce her to execute both of these instruments. There being no evidence of any undue influence, that ground of complaint seems to have been abandoned, and that issue was not submitted to the jury. The court submitted the case upon special issues relating only to the mental capacity of Mrs. Speer to execute the deed and will. Upon answers finding that she was not mentally capable, a judgment was entered in favor of the appellees canceling both the deed and the will.

[1] The first assignment which we shall notice complains of the admission of the following testimony from Dr. Attaway, a physician who had attended Mrs. Speer some months prior to her death:

"Mrs. Speer was not competent to execute a deed of conveyance or will disposing of her property and estate, and was not mentally capacitated to know the extent and result of the instruments."

The court appended an explanation to the bill of exceptions, in which it is stated that before the witness was permitted to give that testimony he testified that he was a practicing physician, had known Mrs. Speer for quite a number of years, had been her family physician, and was familiar with her condition; that she was at the time suffering from senile dementia, which he explained to be disintegration of the tissues, atrophy, or a drying up of the brain cells; that such condition was progressive, and would grow worse as she grew older The inadmissibility of this character of testimony is so well settled by the decisions of our Supreme Court that it is unnecessary to do more than to refer to a leading authority upon that question, Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64. Others equally as specific might be cited, but the very proposition here involved is there so fully discuss-

171 S.W.—50

ed, and the ruling so clearly announced, that further citations are unnecessary. The fact that the witness may be an expert in diagnosing mental and physical diseases does not authorize him to determine questions of law. The appellees contend, however, that, conceding that this question was objectionable upon the issue of Mrs. Speer's capacity to execute a will, it was admissible upon the issue of her capacity to execute the deed. They insist that the courts make a distinction between controversies involving the validity of a will and those involving the validity of a deed. We are unable to appreciate the force of that suggestion. The principle upon which the testimony is rejected is applicable equally to both. If it is an invasion of the province of the jury in the one instance, it is none the less so in the other. We think the court erred in admitting the testimony quoted.

[2] Appellant also contends that the evidence was insufficient to support the finding that Mrs. Speer was mentally incompetent when she executed the deed. The briefs of both parties quote elaborate extracts from the testimony of the witnesses as to Mrs. Speer's mental condition during several months prior to her death. That offered by the appellees tended to show that at the time of the execution of the deed Mrs. Speer was about 87 years of age and in feeble health; that in her early life she had possessed an unusually bright mind, but for some years her mental powers had been on the decline, and that she was suffering from senile dementia; that her memory had become defective. She had also become addicted to the habit of using morphine to some extent, her mind was unsound, and she was incapable of attending to her business affairs. The testimony offered by the appellant tended to show that, although she was a woman of advanced age and was in a physicially weakened condition, her mind was still sufficiently strong to understand all of her business affairs, to know and comprehend what she was doing at the time she executed the deed and will; that she knew the full import of those documents, and comprehended the names and relation of the beneficiaries; that her mind was not unsound, but was good for one of her age. It appears that the desire to convey the property by deed and will to her daughter, Mrs. Milner, originated with Mrs. Speer herself. There is no suggestion or intimation that the least persuasion or compulsion was used by any one to induce her to execute either of those documents. It also appears that the deed was prepared by Judge Speer, of Ft. Worth, at the special instance and request of Mrs. Speer. According to his testimony, the notary who took her acknowledgment had previously known Mrs. Speer, and she recognized him when he entered the room, although he had not seen her for a number

of years. They discussed the deed and its contents, and she perfectly understood the legal import of the instruments—fully comprehended what she was doing. He further testified that she called his attention to the fact that the field notes in the deed included a tract of land which she and her husband had previously sold to other parties, and expressed some uneasiness lest that error might invalidate the instrument. She signed the deed and acknowledged it after he had assured her that it would not have such an effect. One of the subscribing witnesses to the will, which appears to have been made about the same time, testified that he also had known Mrs. Speer many years prior to that time, but several years had intervened since he had seen her last; that she recognized him when he entered the room, and together they recalled occurrences that had transpired 20 years prior to that time. He also testified that she was rational; that she understood all that she was doing; and that her mind, though impaired to some extent by age, was good—as much so as could be expected of a person of her age. This testimony is uncontradicted, except inferentially by that of the witnesses for appellees, in saying that her mind was unsound, and that the impairment of her faculties, due to old age, would be continuous and grow worse as she grew older. There were several witnesses who testified that Mrs. Speer's mind, though to some extent weakened by age, was sound, and that she fully comprehended what she was doing.

[3] Presumptively, Mrs. Speer at the time of the execution of the deed possessed sufficient mental capacity to dispose of her property as she saw fit, and the burden rested upon the appellees to show that she did not. We think it would be doing violence to the overwhelming testimony adduced upon the trial of this case to say that at the time of the execution of the deed Mrs. Speer did not understand the transaction in which she was about to engage; that she did not comprehend its legal import and the actual consequences, and know the objects of her bounty; in other words, that she did not fully comprehend all that was necessary to be understood and comprehended by one engaging in such an undertaking in order to make her deed valid as a conveyance. The mere fact that she was old and feeble, that her memory had become faulty and her mental faculties somewhat impaired, was not sufficient to warrant a court in setting aside her deed or will. The right of a grantor to dispose of her property according to her own wishes is just as sacred, and should be guarded with as much care, as any rights due to the living. 1 Devlin on Deeds, §§ 68, 69, and cases cited in notes. We suggest that upon another trial, unless the evidence upon this issue is materially strengthened the court should in-

struct a verdict for the defendant in this suit.

[4] The court also, in entering judgment, ordered a cancellation of the will as a cloud upon the title of the appellees. It appears that no question of the jurisdiction of the court to determine that issue was raised. The lack of jurisdiction in the trial court is fundamental, and must be considered on appeal, even without assignments.

[5] It is not stated whether or not this will had been probated. If it had not been, it did not constitute a cloud upon the title. A will is no evidence of title until it has been probated.

[6] The power of probating wills, or of proving their execution for record in order that they may constitute muniments of title, is by our laws lodged in the county court, and the district court can only pass upon such questions in cases appealed. The district court cannot, therefore, in an original proceeding like this, forestall the action of the county court and deprive it of its original jurisdiction to determine such issues. If the will had been probated, the district court would also be without jurisdiction because of the statute which requires controversies of this character to be originally commenced in the county court.

The judgment of the district court is reversed, and the cause remanded.