VAUGHAN v. MALONE et al. (No. 2086.)

(Court of Civil Appeals of Texas. Texarkana. March 13, 1919. Rehearing Denied April 3, 1919.)

1. WILLS ⬦41 — TESTAMENTARY CAPACITY — ECCENTRICITY.

Mere eccentricities of one who knows that he is making a will, remembers the objects of his bounty, and acts without improper influence, are not sufficient to justify annulling the will.

2. WILLS ⬦55(4)—TESTAMENTARY CAPACITY —EVIDENCE—WEIGHT AND SUFFICIENCY.

Evidence as to the mental condition and eccentricities of testatrix, in a will contest, held insufficient to support finding of incapacity.

Appeal from District Court, Wood County.

Application of A. J. Vaughan to probate the will of Mrs. E. A. Vaughan, deceased, opposed by J. H. Malone and others, contestants. From a reversal by the district court of the judgment of the county court admitting the will to probate, applicant appeals. Reversed, and judgment rendered admitting the will to probate.

Beavers & Wilkinson, of Winnsboro, and V. B. Harris, of Quitman, for appellant.

Jones & Jones, of Mineola, and Williams & Smith, of Ft. Worth, for appellees.

HODGES, J. In October, 1907, the appellant, A. J. Vaughan, filed his application in the county court of Wood county to probate the last will and testament of Mrs. E. A. Vaughan, his deceased wife. The probate of the will was contested by the children and heirs of Mrs. Vaughan by a former marriage. The contest was based upon two grounds—undue influence and mental incapacity. The trial in the county court resulted in a judgment admitting the will to probate. An appeal was prosecuted by the contestants to the district court, where, after a trial before a jury, the probate of the will was denied; the jury having found that Mrs. Vaughan did not have sufficient mental capacity to make a will. The court failed to submit the issue of undue influence.

In the appeal to this court, the principal ground urged for a reversal of the judgment is the insufficiency of the evidence to support the finding of the jury.

The evidence shows that at the death of Mrs. Vaughan's first husband, J. H. Malone,

they were possessed of several hundred acres of land as their community property. Soon after the death of Malone, his widow and children divided the land in a manner satisfactory to themselves; the widow retaining the homestead and other land aggregating about 400 acres. In may, 1905, Mrs. Malone was married to the appellant. In July following, she executed the will in controversy. By the terms of the will, 200 acres of land were devised to Vaughan, and he was made an independent executor without bond. It was also recited in the will that 200 acres of other land then possessed by Mrs. Vaughan had been deeded to her children. The evidence showed that the conveyance referred to was made on the same day the will was executed. The will was witnessed by T. J. Goodman and V. B. Harris. Harris testified that he wrote the will at the request of the testatrix; that she and her husband were the only other parties present on that occasion. Mrs. Vaughan told him the property she wanted to bequeath to her husband, called attention to the fact that she wished to deed 200 acres of land to her children, and appeared to be of sound mind. She gave the directions concerning her will in a manner that indicated that she was in a normal mental condition, and did so without the assistance of any other person. He had known her for about 15 years, and thought that she understood fully what she was doing upon that occasion.

T. J. Goodman testified that he signed the will as a witness, at the request and in the presence of Mrs. Vaughan. He had known her about 30 years, and considered her in a normal condition, capable of understanding the transaction in which she was engaged. Other witnesses testified in substantially the same manner as to Mrs. Vaughan's mental condition about that time.

The court having eliminated the issue of undue influence, the only question that remained was: Did Mrs. Vaughan have sufficient mental capacity to make the will? As evidence that she did not, the contestants introduced a number of witnesses who, after stating some facts about Mrs. Vaughan's eccentricities and weak mind, gave it as their opinions that she did not at the time of making the will understand what she was doing. Many of these, however, admitted on cross-examination facts which practically destroyed the evidentiary value of their opinions. Some of them even corroborated the conclusions of the subscribing witnesses as to her mental capacity.

[1, 2] It is true that most of the witnesses who testified in the case mentioned the fact that Mrs. Vaughan had a weak mind, was eccentric, and had some childlike ways. But that condition is not sufficient to justify an-

nulling her will. If she knew that the transaction in which she was engaged was the making of a will that conveyed her property at her death, and remembered the objects of her bounty, and acted without improper influences, that was sufficient. Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606; Salinas v. Garcia, 135 S. W. 588; Milner v. Sims, 171 S. W. 784. That at the time the will was written she dictated its provisions without assistance is undisputed. That she knew and remembered her husband and children, and understood their relations to her, is equally as well established. A deed made by her on that day which conveyed 200 acres of her land to her children in common was accepted by them and has never been questioned, so far as the record shows. She lived more than ten years after making this will, and during that time was mentally capable of attending to her ordinary household duties.

After a careful examination of the record, we have concluded that the evidence was not only insufficient to support a finding that the testatrix was incapable of making a will, but that it was such that the trial court should have instructed a verdict to the contrary.

The judgment will therefore be reversed, and judgment here rendered admitting the will to probate.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes