### REEDY v. JONES et al.
### No. 2101.

Court of Civil Appeals of Texas. Beaumont.
Sept. 3, 1931.

Rehearing Denied Sept. 23, 1931.

C. M. Kay, of Houston, and B. C. Johnson, of Port Arthur, for appellant.

J. V. Meek and Fred W. Moore, both of Houston, for appellees.

WALKER, J.

This appeal was to the Galveston Court of Civil Appeals, but transferred to this court by the Supreme Court. Annie Jones, appellee, wife of Ed Jones, deceased, filed this suit in the district court of Harris county against American National Insurance Company, the city of Houston, and appellant, Sylvia Wilson Reedy, to recover $1,000, the proceeds of an insurance policy of group insurance issued by the American National Insurance Company to the city of Houston, for the benefit of the employees of the city of Houston. The policy, on its face, was payable to "Sylvia Wilson, friend," meaning Sylvia Wilson Reedy. The city of Houston answered, claiming no interest in the proceeds of the policy. The insurance company answered, tendering the proceeds of the policy into court, to be awarded by the court to the legal claimant, also it impleaded the husband of appellee, Sylvia Wilson Reedy, and by its interpleader prayed for its costs, with $50 attorneys' fees. Appellant answered claiming the policy under a contract between her and Ed Jones, whereby under a partnership agreement she was to be the beneficiary under the policy, and further that Ed Jones died testate and by his last will devised to her the proceeds of this policy. In due order of pleading, as a matter of abatement to plaintiff's cause of action, she pleaded the pendency of the probate of the last will and testament of Ed Jones in the county court of Harris county. By supplemental petition appellee pleaded that the contract under which appellant claimed the proceeds of the policy was in violation of good morals, in that it was a contract whereby Ed Jones and appellant were to live together in adultery, that Ed Jones was at the time of the making of the contract and at the time of his death the lawful husband of appellee, and that appellant, at the time of the making of the contract and at the time of the death of Ed Jones, was the lawful wife of C. H. Reedy. Contained in the policy was a statement signed by Oscar F. Holcombe, mayor of the city of Houston, that "the City of Houston has arranged this insurance for all employees, without cost, as added compensation for duty well performed." The trial was to the court without a jury with judgment in favor of appellee against appellant for the proceeds of the policy, with an award of $50 attorneys' fees to American National Insurance Company, and $295 to H. E. McCoy, undertaker, for the burial expenses of Ed Jones.

In support of its judgment the trial court filed conclusions of fact and law to the effect that at the time of the making of the contract pleaded by appellant, she and Ed Jones were living together in adultery and that the contract was entered into "for the purpose of carrying out and aiding the unlawful cohabitation of Ed Jones and Sylvia Wilson Reedy," and further "that the purported will, which has not been probated, was made at and near the time of the contract and really, as a matter of fact, should be considered with it, for it was to encourage the unlawful cohabitation of said parties and by reason thereof said will, if probated, should not pass the title to the property in suit." The court further found that Sylvia Wilson Reedy, appellant, "had no insurable interest in the life of Ed Jones, deceased." Upon the facts stated, the court concluded, "as a matter of law, that the purported contract attached to the plaintiff's pleadings, as well as the purported will, which has not been probated, should not, and could not, under the facts, pass the title to anything owned by Ed Jones to Sylvia Wilson Reedy."

### Opinion.

It is our conclusion that the court erred in overruling appellant's plea in abatement. The proceeds of the policy of insurance in question, under the recitation contained on its face, was a part of the community estate of appellee and her deceased husband, Ed Jones. His half of the community estate was subject to the provisions of the last will and testament pleaded by appellant, provided the said will was a lawful will and entitled to probate. At the time of the institution of this suit the probate of the will was pending in the county court of Harris county. Under the decisions of this state the county court of Harris county has exclusive original jurisdiction to determine the validity of the will of Ed Jones and any order made by the district court of Harris county interfering with the jurisdiction of the county court was without legal effect and void. In Milner v. Sims, 171 S. W. 784, 786, discussing this legal proposition, the Texarkana Court of Civil Appeals said: "The power of probating wills, or of proving their execution for record in order that they may constitute muniments of title, is by our laws lodged in the county court, and the district

court can only pass upon such questions in cases appealed. The district court cannot, therefore, in an original proceeding like this, forestall the action of the county court and deprive it of its original jurisdiction to determine such issues. If the will had been probated, the district court would also be without jurisdiction because of the statute which requires controversies of this character to be originally commenced in the county court."

In Becknal v. Becknal (Tex. Civ. App.) 296 S. W. 917, 919, the court said: "The jurisdiction of the county court in matters pertaining to probate is original and exclusive."

And further: "The jurisdiction of the district court in this domain of the law is appellate." The Commission of Appeals, in O'Neil v. Norton, 29 S.W.(2d) 1060, 1061, said: "It is well-settled rule in this state that when an administration on the estate of a deceased person is pending in the county court or it is made to appear that a necessity for it exists, the district court only has appellate jurisdiction and has no original jurisdiction to decree a partition or distribution or settlement of the estate among the heirs of decedent until the administration in the county court has been finally concluded."

It follows that the judgment of the district court should be reversed, and the cause remanded for a new trial.

Reversed and remanded.