## CONROY v. CONROY et al.
### No. 3198.

Court of Civil Appeals of Texas. El Paso.
May 16, 1935.

Rehearing Denied June 13, 1935.

Seb. F. Caldwell, of Mt. Pleasant, for appellant.

J. A. Ward, of Mt. Pleasant, and Medona Bonner, of Dallas, for appellees.

WALTHALL, Justice.

On the 16th day of August, 1910, Thalia Conroy owned as her separate property certain lands in Titus county, and on that day she executed a will in which she devised all of her property to her husband, R. E. Conroy, and in her will appointed him independent executor of her estate without bond. Subsequent to the above date appellant R. J. Conroy was born of Thalia and R. E. Conroy.

On August 3, 1913, Thalia Conroy died, and on September 1, 1913, her will was duly probated in Titus county, and on the same day the will was probated, temporary letters were issued to R. E. Conroy.

On March 17, 1917, R. E. Conroy, having married his second wife, Mary Clementine B. Conroy, procured a loan of $1,250 from the Bonner Loan & Investment Company, on his note of that date, secured by a deed of trust on the land devised to him in the will of Thalia Conroy, and the land involved in this suit.

On June 11, 1921, R. E. Conroy conveyed the land described in the said deed of trust to his wife, Mary Clementine Conroy, reciting in the deed a consideration of $1 paid and love and affection, and the further consideration of the assumption by his wife of all indebtedness against said land.

On July 2, 1924, R. E. Conroy and wife, Mary Clementine B. Conroy, executed a renewal note for $1,000 to the Bonner Loan & Investment Company, due November 1, 1934, for the purpose of taking up and extending the unpaid balance of the previous note; the new note being secured by a deed of trust on the same land.

On November 7, 1924, the Bonner Loan & Investment Company assigned said $1,000 note to Mrs. Fannie Field Garrard.

On September 27, 1933, R. J. Conroy filed this suit in the district court of Titus county, and on June 25, 1934, filed his amended petition on which the suit went to trial. The suit is in trespass to try title. In the suit plaintiff complains of and makes defendants R. E. Conroy and wife, Mrs. Mary Clementine Conroy, and Mrs. Fannie Field Garrard. Plaintiff alleges that he is the owner in fee simple of the land described. The land is that conveyed by Thalia Conroy in her will to her husband, R. E. Conroy. Thalia Conroy is the common source of title. Plaintiff alleges that prior to his birth his mother, Thalia Conroy, executed the will naming his father, R. E. Conroy, as beneficiary without in any manner mentioning or providing for him. Plaintiff alleges that his mother, Thalia Conroy, was without power, under the Texas laws, to make such will, and for that reason the will and its probate are void and of no effect; alleges that he has reached his majority, and that Mrs. Fannie Field Garrard is

making some claim to said land based on the claim of R. E. Conroy. Plaintiff prays for citation and judgment awarding him title and possession of the land.

Mrs. Mary Clementine Conroy answered by general demurrer and general denial. Mrs. Fannie Field Garrard answered by demurrers general and special; pleaded not guilty, and pleaded the matters substantially as set out above in the statement; pleaded the will and the matters in probating the will; pleaded the note and that she purchased the note in good faith and without notice.

R. E. Conroy was cited by publication and the attorney appointed by the court answered by a general denial.

Plaintiff by supplement pleaded at length general and special exceptions to the answer of Mrs. Garrard, and the matters as to the will and its probate.

The case was submitted to the court without a jury. The court in considering the general demurrer and exceptions of Mrs. Garrard held that the suit brought by plaintiff was an original suit filed in the district court to set aside, vacate, amend, and hold for naught the judgment of the county court, in probate matters, in the estate of Mrs. Thalia Conroy, deceased, admitting her will to probate, that no direct appeal having ever been made on the probate court judgment of which the probate county court had exclusive original jurisdiction, the district court was without jurisdiction to set it aside or to affect the judgment of the county probate court, and dismissed plaintiff's suit, from which order plaintiff duly prosecutes this appeal.

### Opinion.

Appellant and appellees have each submitted a number of propositions, but we think to consider only the question of error of the district court in dismissing plaintiff's suit, on the ground of want of jurisdiction.

Appellant's petition clearly shows that the suit is an original proceeding in the district court, and a collateral attack upon the will probated in the county probate court, and the proceedings in that court in probating the will.

Articles 3290 and 3291 of our Revised Civil Statutes give general jurisdiction in probate matters to the county court, and only appellate jurisdiction and general control in probate matters is given to the district court. Article 5534 provides that any person interested in any will probated under the laws of this state may institute suit "in the proper court to contest the validity thereof," within the time stated.

The sole jurisdiction given to the district court over the county court sitting in probate is an appellate jurisdiction.

In Franks v. Chapman, 60 Tex. 46, 50, it is said: "The district courts having no general original jurisdiction to probate wills, and no original jurisdiction or control over probate courts, a decree rendered by a district court could have no effect upon a probate court or its decree, unless it acquires an appellate jurisdiction."

In Franks v. Chapman, 61 Tex. 576, a companion case to the one above referred to, in which many defects were stated to exist, such as that it was not the last will and testament of Chapman, that the will was not attested by subscribing witnesses, that no citation was issued or served, etc., and stated a number of other defects and irregularities in the probate proceedings, the court held: "The county court is the proper court in which to begin a proceeding to contest the validity of a paper admitted to probate as a will. * * * A county court sitting in probate has jurisdiction to revoke the probate of a will which it had formerly probated."

Without reviewing them at length here, we refer to Heath v. Layne, 62 Tex. 686; Milner v. Sims (Tex. Civ. App.) 171 S. W. 784; Reedy v. Jones (Tex. Civ. App.) 41 S.W.(2d) 1044, as holding similarly to the Franks v. Chapman Case.

It seems well-settled law in this state that the jurisdiction and power of probating wills, or of proving their execution for record in order that they may constitute muniments of title, is by our laws lodged in the county court sitting in probate, and the district court has only appellate jurisdiction. We have concluded that the district court was not in error in dismissing appellant's suit.

The case is affirmed.