TURPIN *et al.* v. TURPIN *et al., Appellants.*

1. **Partition**: FINAL JUDGMENT: APPEAL. In a partition suit the order of sale is not a final judgment from which an appeal will lie.

2. ———: SALE: WILL. Where a sale is required to effect a partition of lands under a will, the proceeds will stand in lieu of the land and the amount of the sale, and not the value of the land fixed by the commissioners, will determine the sum to go into the computation for division.

3. **Hotchpot**: ADVANCEMENT. The doctrine of bringing advancements into hotchpot applies only in cases of intestacy, or where there is a surplus undisposed of by the will.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

APPEAL DISMISSED.

*John L. Mirick* for appellants.

(1) The court should not have made a partition in

contravention of the will.   62 Mo. 364.   (2) Nancy Robertson's share under the will could only be ascertained by an appraisement of the whole estate.    When this was done and the appraisement disclosed the fact that her share of the estate exceeded five thousand dollars, then, *eo instanti*, she and her children by the terms of the will, were invested with the whole of the Saline county lands.   (3) That part of the order of the court which requires the executors to sell the portion of the Saline county lands lying east of the road at not less than two thousand dollars, contravenes the whole will, and is an attempt of the court to engraft an addition on that instrument.

*Hale & Sons* for respondents.

(1)   The judgment of the lower court giving to each of the heirs one-seventh is in exact conformity with the will, and as the will does not provide any method for ascertaining the *quantum* or value of said several interests, the method of executing the testator's intention is left to the law.  *Chouteau v. Paul*, 3 Mo. side p. 263.  (2) Nancy Robertson and her children, having joined in the deed for the sale of the property, are estopped from disputing the mode of ascertaining its value.  (3) The order of the court directing the sheriff to sell the Saline county land was not a final judgment from which an appeal or writ of error would lie.   *State, etc., v. Satterfield*, 54 Mo. 394.   (4) It was proper to add the advancement of Frank Turpin to ascertain the value of the whole.   *Batton v. Allen*, 4 Hale (N. J.) 105.   (5) The testator in this case devised the same quantity of estate to H. B. and Wm. Turpin that they would have taken without any will, and hence they took by descent and not by purchase, and in such circumstances H. B. and Wm. Turpin are chargeable with the lands deeded to them by their father after he executed his will.    4 Kent (11 Ed.) 507, 594; *Ellis v. Ellis*, 7 Cush. 161. This is the established com-

mon law rule of property in this state. We have no statute changing this rule, nor have we, like some of the states, adopted the statutes of 3 and 4 William, chap. 4, 106 ; 4 Kent's Com. p. 454, note *c ;* 3 Wash. pp. 17–18, and note p. 541 ; *Whiting v. Whiting,* 14 Mass. 88–90 ; *Van Kent v. Dutch Church,* 20 Wend. (N. Y.) 469 ; Williams on Real Property, 181 ; 2 Washburn on Real Property, 431.

BLACK, J.—This a proceeding between the devisees of Jeremiah Turpin for the partition of real estate. The testator gave his property, real and personal, to his wife, who was dead at the institution of this suit, for life, then to his seven children in equal parts, charging his son Frank with an advancement of three thousand dollars, and constituting two of his sons trustees for Nancy Robertson as to her share. By the codicil, Nancy is to have certain lands in Saline county at a valuation of five thousand dollars, if her share equals that amount, and if not, then that part thereof west of the road at two thousand five hundred dollars, and the other portion is to be sold and the proceeds divided. The commissioners appraised the whole estate, putting the Saline county land at five thousand dollars, at an aggregate amount which would give to her the whole of that tract. They also reported that the other lands could not be divided in kind. Thereupon the court ordered a sale of the property, other than that in Saline county. The parties then sold the lands not situated in Saline county at private sale, all joining in the conveyance, at a price which made the share of Nancy less than five thousand dollars. Thereupon the court ordered a sale of that part of the Saline county land not lying west of the road. From this order and before any sale or report thereof, this appeal was taken.

1. Following the opinion in *Murray v. Yeates,* 73 Mo. 14, and authorities there cited, the order of sale is not a

final judgment within the meaning of section 3391, Revised Statutes, from which an appeal will lie. It is the order of approval and distribution which constitutes the final judgment. This appeal was, therefore, premature and must be dismissed.

2. To avoid the delay and expense of another appeal we are asked to consider certain other questions, which we proceed to do. For Mrs. Robertson it is contended the valuation fixed by the commissioners' must control. While the testator valued the land to go to her, he fixed upon no method of determining the value of the other lands. He must have had in view the law as to that. He evidently contemplated an equal distribution of the property, not valued in the shape in which it became necessary to put it to effect a distribution. Had the property been susceptible of division in kind, the report of the commissioners when approved would have ended the matter. A sale being required in order to effect a partition, the proceeds would stand in lieu of the land, and the amount of the sale would determine the amount to go into the computation for a division, and not the value fixed by the commissioners. Instead of a public sale the parties made a private sale, as they had a right to do, and that is conclusive upon all the parties as to the value of the land so sold and the court properly so ruled.

3. On the part of the plaintiffs it is insisted that H. B. and Wm. J. Turpin should each be charged with three thousand dollars by way of advancement, because of land of that value conveyed to them by the father in his lifetime. One of these deeds, as we understand the record, was made before the date of the will, the other thereafter, but before the date of the codicil. No charge is made against these devisees by the will or codicil, though the son Frank is thereby charged with three thousand dollars. The doctrine of bringing advancements into hotchpot applies only in cases of intestacy. 4 Kent Com. [13 Ed.] p. 418; 2 Williams Ex. [Am. notes] p. 1608. And this is

often said to be the rule where there is a surplus undisposed of by the will. *Marshall et al. v. Rench et al.,* 3 Del. Ch. 254; *Needles' Ex. v. Needles et al.,* 7 Ohio St. 432. In this state the matter is governed by statute and the statute only applies to children of persons dying intestate. Secs. 2166-7, R. S. Other provisions as to advancements are made as to children not named or provided for in the will. Sec. 3970, R. S. Here the children are all provided for in the will; one is by the will charged with an advancement, the others are not, though two were advanced before the date of the codicil.

The will must control. The appeal is dismissed. All concur.