[Filed October 23, 1888.]

## STATE OF OREGON, RESPONDENT, *v.* C. M. HARDING, APPELLANT.

JUROR—CHALLENGE BECAUSE NOT ON TAX ROLL.—*State* v. *Ching Ling*, 16 Or. 419, followed.

EVIDENCE—EFFECT OF.—Where two persons were jointly indicted for larceny, upon a separate trial of one of them for the offense, it is competent for the State to introduce in evidence the conversation between the parties and their conduct at the time, where such conversation tends to prove the larceny charged, or guilty knowledge on the part of the defendant, or the interest with which the defendant on trial received the money alleged to have been stolen.

EVIDENCE—WHEN COMPETENT.—Where upon a trial for larceny the evidence introduced upon the part of the State tended to prove that the defendant had the stolen money in his possession or under his control, such evidence is not rendered incompetent because it further appeared that the defendant proposed to spend a part of such money in a saloon in purchasing wine.

APPEAL from Multnomah County.

*H. E. McGinn,* and *N. D. Simon,* for Respondent.

*Moreland & Masters,* and *G. H. Burnett,* for Appellant.

STRAHAN, J.—The defendant was jointly indicted with one Pearl Page for the crime of larceny, committed by them in stealing from one G. Dickinson the sum of three hundred dollars. A trial before a jury resulted in his conviction and sentence to the penitentiary for five years, from which judgment this appeal was taken. During the progress of the trial several exceptions were taken by the defendant, which I will now proceed to notice.

1. The first exception taken on the part of the defendant was to the ruling of the court in allowing a challenge to a juror by the State, for the reason that the juror's name was not on the assessment roll for the year of 1887. It does not appear whether this juror was on the regular panel or not. This brings the case precisely within the ruling in *State* v. *Ching Ling,* 16 Or. 419, where the same question was before this court, and where we refused to reverse a judgment under the same circumstances. A further examination of the question in this case has failed to furnish any sufficient reason for overruling our previous decision, and the same is decisive against the appellant on this question.

2. One Z. M. Larne was called as a witness on the part of the State, and testified, among other things, that he was a hack driver in the city of Portland; that on the night of March 3, 1888, at the hour of about eleven o'clock, he took the defendant Harding and Pearl Page in his hack to the Dividend Saloon on First and Stark streets, where Harding had deposited the sum of two or three hundred dollars; that when he arrived at the saloon the proprietor, McNamara, refused to deliver the money to either Page or Harding until a receipt which he had given Harding for the money was produced; that Harding was drunk and the receipt could not be found. The defendant Pearl Page asked how much money there was. Harding answered that there was "a hundred or two." The defendant Pearl Page then

said: "Yes; three or four hundred." This evidence was given without objection. The district attorney then asked the witness this question: "Did you see the defendant Harding strike Pearl Page in the hack?" and the witness answered: "Yes; I did," over the defendant's objection; and this is assigned for error. The appellant's counsel insists that the object of this evidence was to degrade the defendant, and he cites *Anderson* v. *R. W. & O. R. R. Co.* 54 N. Y. 334, where it is said: "Any *illegal* evidence received under objection, having a tendency to excite the passions, arouse the prejudices, awaken sympathies, or warp or influence the judgment of jurors in any degree, cannot be considered harmless error, and so the error be disregarded on the appeal."

It does not appear to us that the object, or necessary or probable effect of the evidence objected to, under the circumstances, was to degrade the defendant, or in any way to affect his moral status before the jury. The circumstances of the case as developed on the trial, and to which no objection was or could be interposed, were far more damaging to the defendant than the fact that he slapped Pearl Page. But it appears that the theory of the prosecution was that the money was stolen by Pearl Page and delivered by her to the defendant Harding, with the knowledge on his part that the same had been stolen; that the conversation detailed by the witness related to said stolen money, and the amount thereof. Now what these parties said and did, between themselves, in relation to that money was competent evidence on the part of the State to prove the larceny, or to prove guilty knowledge on the part of Harding, and to show the intent with which he received it; and if during the conversation about the money, or while they were going to the place where it had been deposited, and where they were disputing about the amount deposited, Harding struck Page, it is not perceived on what legal principal the fact could be excluded. It was an act by the defendant in connection with the stolen property, which the jury had the right to weigh and consider with the other evidence in the case, not for the purpose of degrading the defendant, but for the purpose of enabling the

jury to judge of the defendant's intent and guilty purpose in connection with said money. We think there was no error in the ruling of the court on this point.

3. One L. P. Kendall was called as a witness on the part of the State, and testified that he kept a saloon, and that sometime after the alleged robbery, the defendant was in his saloon and told him that *his girl* had beaten a guy out of three or four hundred dollars, whereupon counsel for the State asked the witness this question: "Didn't the defendant make a proposition to send for his girl, and that they drink wine together in your saloon?" The witness answered, over the defendant's objection: "Yes; he did. He agreed to come and spend *some of the money taken from the guy,* whereupon I said, no; you better go and square it with the guy; you can spend none of his money in my place." This evidence rests upon the same theory as that considered in the second assignment of error, and must be disposed of in the same way.

The facts disclosed by this evidence tended to prove guilty knowledge on the part of the defendant in relation to the stolen money, and that the same, or a part of it, was then in his possession. The fact that he had the money and was proposing to spend a part of it were the essential facts upon which the State relied, and these could not be excluded because the defendant proposed to spend the money in a disreputable way, nor because he proposed to spend it in a particular place, whether the same be a reputable or a disreputable place. The bill of exceptions was signed after the close of the term, and without any extension of time being allowed by order for that purpose. The district attorney moved in this court to expunge the same from the transcript, because it constitutes no part of the judgment roll.

We do not think it necessary to consider that motion, for the reason that our examination leads to an affirmance of the judgment of the court below, and it is so ordered.