Mary Green Gibson and Clinton Newberry Gibson, Minors, by their Guardian and Curator, H. E. Doerner, Appellants, v. Newberry Johnson, Administrator and Sole Heir of Bonnie Johnson and Dora Smith.—56 S. W. (2d) 783.

Court en Banc, December 31, 1932.

*Von Mayes, H. E. Doerner* and *Ward & Reeves* for appellants.

*McKay & Peal* for respondents.

1200

ATWOOD, J.—This appeal has been twice heard and comes to the writer on reassignment. It grows out of a suit instituted by appellants, Mary Green Gibson and Clinton Newberry Gibson, for the partition of 275 acres of land of which their grandfather, Newberry Gibson, died seized. In their petition they allege that they are minors and the sole surviving children of Gideon Gibson, a predeceased son of Newberry Gibson; that the said Newberry Gibson left surviving him his widow, Hester S. Gibson, and two daughters, defendants Dora Smith and Bonnie Johnson, who with plaintiffs constitute his sole surviving descendants; and that he left a will, executed in 1924, neither appellants nor their father being mentioned therein, by which he disposed of his property as follows:

"I give and bequeath to my beloved wife, Hester S. Gibson, all of my property, real and personal or mixed to her sole use and

benefit for her lifetime, and after her death to my two children, Dora Gibson Smith, and Bonnie Johnson, share and share alike.''

It is also alleged in plaintiffs' petition that, by way of advancements, decedent conveyed and delivered to defendant, Bonnie Johnson, during his lifetime and prior to the execution of said will, certain real and personal property exceeding $50,000 in value, and as advancements to defendant, Dora Smith, real and personal property exceeding $30,000 in value; that the value of the lands owned by decedent at the time of his death was $25,000; that subject to the widow's rights therein, which have been acquired by Bonnie Johnson, defendants are each entitled to a one-third interest in the real estate of which decedent died seized, and plaintiffs are each entitled to a one-sixth interest; that all of the property acquired by defendants by way of advancements should be brought into hotchpot in order ''that plaintiffs may take their aliquot part of the value of all of said property;'' and that defendants having both received by way of said advancements their full shares of the estate of said deceased subject to the widow's rights therein owned by defendant Bonnie Johnson, plaintiffs are entitled to all of said real estate of which decedent died seized. Judgment for partition was prayed in accordance with the allegations of the petition.

Defendants answered admitting certain allegations of the petition, denying all others, alleging that decedent in his lifetime advanced to the father of plaintiffs all of his equal share in decedent's estate and for that reason omitted naming him in his will, and specifically denying that any advancements were made to defendants.

Plaintiffs' reply was in the nature of a general denial. It was admitted at the trial that Newberry Gibson died on August 1, 1928; that defendants are the only surviving children of the deceased and that plaintiffs are the only surviving children of Gideon Gibson, a predeceased son of Newberry Gibson; that Newberry Gibson at the time of his death owned the 275 acres sought to be partitioned; that Newberry Gibson left surviving him his widow, Hester S. Gibson; that since the will of Newberry Gibson was probated said widow has conveyed all her interest in the land of which her husband died seized to defendant Bonnie Johnson; that the said widow declined to act as executrix of said will and thereupon P. S. Payne was duly appointed and qualified as executor, and that no final settlement has been made of the estate of said deceased; that plaintiffs are minors and that H. E. Doerner is their duly appointed, qualified and acting curator.

Plaintiffs offered in evidence a certified copy of the will of Newberry Gibson; record of warranty deeds conveying to defendants the

lands described in the petition and alleged to be advancements, said deeds being dated Nov. 19, 1910, December 1, 1916, and July 14, 1922, and reciting a consideration of $10 and love and affection, $1 and love and affection, and $10 and love and affection, respectively, and it is admitted that the defendants named in said deeds went into possession of the lands therein described. Plaintiff also introduced evidence tending to support the values alleged in said petition with respect to the lands therein described, also testimony tending to show that Newberry Gibson in his lifetime gave $23,000 to defendant Bonnie Johnson.

Defendants introduced no evidence and at the close of plaintiffs' case offered a demurrer to the evidence, which was sustained, and decree was entered finding that plaintiffs were each entitled to an undivided one-sixth interest, subject to dower interest owned by defendant Bonnie Johnson, and that defendats were each entitled to an undivided one-third interest, subject to life estate owned by Bonnie Johnson, in the lands sought to be partitioned, and appointing commissioners to partition said lands.

Appellants contend that being the descendants of Gideon Gibson, who though a son of Newberry Gibson, deceased, was not named or provided for in the will, they are entitled, under the provisions of Section 525, Revised Statutes 1929, "to such proportion of the estate of the testator, real and personal, as if he had died intestate;" that if in the distribution of the estate of the deceased they are to be treated as though such ancestor had died intestate then they are entitled to have any real or personal property received by the beneficiaries as advancements brought into hotchpot with the estate of the deceased, as provided in Section 311, before their proportions are assigned. These statutes, in the order mentioned, are as follows:

Sec. 525. "If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part."

Sec. 311. "When any of the children of the intestate shall have received, in his lifetime, any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended."

Respondents, on the other hand, say that the doctrine of bringing advancements into hotchpot is purely statutory; that under the terms of the statute governing advancements in this State, Section 311, the doctrine is without application except in cases of intestacy; and that where, as in this case, the deceased actually disposed of his entire estate by will the right of pretermitted descendants to participate in the estate, as provided in Section 525, is limited to the estate of which the decedent died seized unaffected by any gifts made during his lifetime to beneficiaries named in the will.

The authorities in this and other jurisdictions uniformly hold that in case of testacy the will of the testator is the only law of distribution, and the rule as to advancements is inapplicable. [Turpin v. Turpin, 88 Mo. 337, 341; St. Louis Trust Co. v. Rudolph, 136 Mo. 169, 176, 37 S. W. 519; Tompkins v. Lear, 146 Mo. App. 642, 654, 124 S. W. 592; Wickliffe v. Wickliffe, 206 Mo. App. 42, 46, 226 S. W. 1035; 32 A. L. R. 731; 18 C. J. p. 918, sec. 220, n. 82; 3 Woerner on Administration (2 Ed.) p. 1881, sec. 553, n. 9; Thornton on Gifts and Advancements, p. 534, sec. 547.] The rule is thus stated in 1 Ruling Case Law, page 657, section 6:

"The doctrine of advancements is, as has been pointed out, based on the assumed desire of the donor to equalize the distribution of his estate among his children. Hence the very foundation of the rule prevents the doctrine from applying unless the ancestor dies wholly intestate, and such is the general rule in the absence of statute, both in England and in the United States. The reason for this rule is obvious. If it were otherwise, it would be impossible for one to make a will which, in cases of partial intestacy, would give to one heir more than to another. The testator is conclusively presumed to have considered the advancements and the bequests made in the will collectively, and to have made distribution as he intended to make it. He need not treat his heirs or devisees as standing on an equal footing, and may give to one more than to another, or may equalize the matter, as he sees fit in his will. When the ancestor makes his will, he expresses his intention as to equalizing his estate, and his desires should be followed. The rule that the doctrine of advancements will not apply unless the donor dies wholly intestate means that the donor must die intestate as to both real and personal property. And where a statute provides that all advancements given by an 'intestate' shall be brought into hotchpot so that the estate may be equally distributed, it is the rule that the word 'intestate' means one dying wholly intestate and does not comprehend partial intestacy."

Counsel for appellants find no fault with the above rule but insist that it does not apply to this case because for the purpose

of ascertaining the rights of pretermitted descendants the decedent must, under Section 525, be deemed to have died intestate, and for the purpose of determining their assignments the estate should be augmented by advancements made by the decedent. We think the fallacy in this argument grows out of a misinterpretation of the pertinent language of Section 525. The clause providing that pretermitted descendants "shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate," must be read in connection with and subject to the preceding clause which declares that "every such testator, so far as shall regard any such (pretermitted) child or children, or their descendants, not provided for, shall be deemed to die intestate." Thus, by clear implication the statute treats the will as valid in every other respect. Such is the interpretation generally given to similar statutes. While in 18 Corpus Juris, section 67, page 838 it is said that such statutes "render the will inoperative as to the omitted child," and such is our holding in Dobschutz et al. v. Dobschutz et al., 279 Mo. 120, 124, 213 S. W. 843; State ex rel. Citizens' Bank v. Allen et al., 296 Mo. 636, 648, 247 S. W. 411; and other cases; yet it is equally well settled that the will is not void. [State ex rel. Citizens' Bank v. Allen et al., supra.] The testator is deemed to have died intestate only as to lineal heirs whom he unintentionally omitted to name or provide for in his will. [Lawnick v. Schultz, 28 S. W. (2d) 658, 325 Mo. 294.]

Furthermore, "the doctrine of advancements properly so called, under which an heir or distributee is required to account for property given him during the lifetime of the decedent before he is entitled to share in the estate, is a creation of statute." [18 C. J. p. 912, sec. 202, n. 3; 1 R. C. L. p. 677, n. 13; Turpin v. Turpin, 88 Mo. 337, 341; Estate of William G. Williams, 62 Mo. App. 339, 346.] Therefore, we look to the language of the statute (Sec. 311) creating this doctrine to ascertain the range of its applicability and operation with respect to a given case. Having thus invoked the statute appellants are bound by its terms.

Reading Section 311 with these principles in mind, we are struck with the fact that advancements are "brought into hotchpot with the estate descended" only when "any of the children of the intestate" who have received such advancements "choose to come into partition with the other parceners." According to the express terms of this statute the doctrine thereby created of bringing advancements into hotchpot with the estate descended has no application whatever unless and until children as to whom the decedent died intestate, who have received advancements, choose to come into partition with *other parceners*. A parcener is "one who, with others, holds an estate in co-parcenary," and the title to an estate in co-parcenary is always by

descent. [Black's Law Dictionary defining "parcener" and "coparcenary."] In the instant case the manner in which the children named in the will derive title is fixed. They can only take under the will and not under the statutes of descents and distributions. As to them the decedent died testate just as truly as the decedent, by virtue of Section 525, is deemed to have died intestate as to his pretermitted descendants, although properly speaking one dies testate or intestate only with respect to his property. In no sense do the daughters named in the will, or their representatives, "come into partition" *as parceners.* Hence, they do not fall within the language or purview of Section 311, and the doctrine of advancements being without other sanction is without application to them.

▮ Counsel for appellant suggest that Section 526, Revised Statutes 1929 lends color to their claim. It provides that if pretermitted descendants "shall have an equal proportion of the testator's estate bestowed on them in the testator's lifetime, by way of advancement, they shall take nothing in virtue of the preceding section." Instead of sustaining appellants' position we think this provision is in harmony with the legislative intent, clearly expressed in Section 311, that the doctrine of bringing advancements into hotchpot with the estate of the deceased is limited to cases of total intestacy where all descendants take by the statutes of descents and distributions. Had the legislature intended to extend the doctrine of hotchpot to persons taking under a will it would have plainly so provided and not stopped with those taking as by intestacy.

The case law of the land on the proposition involved in this appeal is very meager, but the construction which we have placed upon Sections 525 and 311 is in accord with the result announced by reviewing authorities. In 18 Corpus Juris, page 843, note 52, it is said: "The doctrine of hotchpot does not apply to such cases;" citing Stewart v. Pattison, 8 Gill (Md.) 46; and Wilson v. Miller, 1 Pat. & H. (Va.) 353. In 3 Woerner on Administration (2 Ed.), page 1935, note 7, it is said: "It seems that the doctrine of hotchpot does not apply to children taking under these statutes; but that they are only entitled to their share of the estate left at the time of the father's death." [Wilson v. Miller, 1 Pat. & H. 353, 381, cited in Wilson v. Fritts, 32 N. J. Eq. 59, 60.] The statutes involved in the Virginia case are similar to those above construed, although the particular wording of the latter more clearly invites the mode of interpretation which we have adopted. In addition to the cases in this paragraph cited we have found but one other case ruling the proposition here presented. It is Sanford v. Sanford et al., 61 Barb. 293, in which the opposite result was reached. The controlling statutes, found in New York Statutes at Large (1862), Vol. 2, p. 65, sec. 49, and Vol. 1, p. 705 sec. 23, are respectively as follows:

Sec. 49. "Whenever a testator shall have a child born after the making of his will, either in his life-time or after his death, and shall die, leaving such child, so after born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in his will, every such child shall succeed to the same portion of the father's real and personal estate, as would have descended or been distributed to such child, if the father had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to, and out of the parts devised and bequeathed to them, by such will."

Sec. 23. "If any child of an intestate shall have been advanced by him, by settlement or portion of real or personal estate, or of both of them, the value thereof shall be reckoned, for the purposes of this section only, as part of the real and personal estate of such intestate, descendible to his heirs, and to be distributed to his next of kin, according to law; and if such advancement be equal or superior, to the amount of the share, which such child would be entitled to receive, of the real and personal estate of the deceased, as above reckoned, then such child and his descendants shall be excluded from any share, in the real and personal estate of the intestate."

Comparing the above statutes with our own, Sections 525 and 311 respectively, it will be observed that the New York statutes do not contain the provisions that clearly lead us to an opposite conclusion as to the legislative intent disclosed by the Missouri statutes.

The judgment is affirmed and cause remanded for further proceedings in accordance therewith. All concur.