R. J. CONROY V. R. E. CONROY ET AL.

No. 6980.   Decided December 8, 1937.
Rehearing overruled January 12, 1938.
(110 S. W., 2d Series, 568.)

*Seb. F. Caldwell,* of Mount Pleasant, for plaintiff in error.

The will of the testator having been made prior to plaintiff's birth, and having made no mention of or provision for him, was, under the statute, void, and the probate of said will gave it no effect, and the will itself was suspended until plaintiff became twenty-one years of age, when he had the right to recover under the laws of descent and distribution. Frame v. Whitaker, 36 S. W. (2d) 150; Sparkman v. Davenport, 160 S. W. 410; R. S. 1925, Art. 3314.

*J. A. Ward* and *Medona Bonner,* both of Dallas, for defendant in error.

The will of the testator having been probated, and such action to probate being a proceeding in rem, it was binding upon the entire world until revoked or set aside, and said order of probation should not be attacked collaterally by a proceeding in the district court after a period of eighteen years. Steele v. Renn, 50 Texas 467; Patty v. Middleton, 82 Texas 586, 17 S. W. 909; Richardson v. Bean, 246 S. W. 1097.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves title to a tract of land in Titus County. On August 16, 1910, Thalia Conroy, wife of R. E. Conroy, owned this tract of land as her separate estate. On that date she executed a will, by which she devised all of her estate to her husband. At that time she had no child, and the will contained nothing which could be construed as making provision for, or mentioning, any after-born child. On July 28, 1911, R. J. Conroy was born of Thalia and R. E. Conroy.

Thalia Conroy died August 3, 1913, and on September 1, 1913, her will was duly probated in the probate court of Titus County. R. E. Conroy was by the will named independent executor, without bond.

On March 17, 1917, R. E. Conroy and his second wife procured a loan of $1,000.00 from the Bonner Loan & Investment Company, secured by deed of trust lien on the land devised by the wife to said R. E. Conroy. This note was later renewed and finally transferred to Mrs. Fannie F. Garrard. On June 11, 1921, R. E. Conroy conveyed the land in question to his second

wife, Mrs. Mary Clementine Conroy, for a recited consideration of $1.00 and love and affection.

This suit was instituted by R. J. Conroy in the district court of Titus County September 27, 1933, after he had attained the age of twenty-one years. It was in the nature of a suit of trespass to try title. The defendants were R. E. Conroy and his second wife and Mrs. Garrard, holder of the note secured by deed of trust lien.

The district court, after hearing proof, dismissed the case on the theory that the suit was in legal effect one to set aside, vacate, annul and hold for naught the judgment of the probate court admitting the will to probate; and that the probate court had exclusive jurisdiction of such an action. This judgment of the district court was affirmed by the Court of Civil Appeals. 83 S. W. (2d) 355.

Article 8293 of the Revised Statutes of 1925, which governed at the time of the execution and probate of the will in question, was as follows:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years."

■ This statute was engrafted upon the will of Mrs. Conroy as an unwritten part of same. Morgan v. Davenport, 60 Texas 230. It necessarily follows, therefore, that when said will was admitted to probate the written instrument, plus the engrafted law, became the real and ultimate will of the testator. Taylor v. Martin's Estate, 117 Texas 302, 3 S. W. (2d) 408.

■ The will was properly admitted to probate. Taylor v. Martin's Estate, supra. It could rightfully be regarded as manifesting the testator's will with respect to the disposition of her estate in the event any after-born child died before reaching the age of twenty-one years. In that case it would be valid and effective to dispose of her whole estate to her husband. It may frequently happen that wills pretermitting an after-born child may confer benefits upon various persons, and as to them the will is subject to probate, as well as because of its conditional character due to the probability of an after-born child dying before reaching the age of twenty-one years.

In the case of Taylor v. Martin's Estate, supra, the Court said:

"The Legislature has declared its determination that the subsequent birth of a child imposes such new moral obligations on a parent that a revocation of the whole of a will made by the parent when he had no child living is conclusively implied, subject to the condition that the will may be regarded as still manifesting the intent of the testator with respect to the disposition of his estate, in the event that the child dies under 21 years of age and before his marriage. *The after-born child should not be required to institute and maintain a separate subsequent suit, when the essential purpose of the proceeding to probate the will is to establish and place on the public records that which is the testator's ultimate will—not only as evidenced by the terms of a writing signed by him, but by the terms both of that writing and the governing law.*" (Emphasis ours.)

Logically, the same result follows if it be held that the will was conditionally effective until the pretermitted child reached the age of twenty-one years, and thereafter was, as to him, modified, as follows if it be held that the ultimate will, so far as the pretermitted child was concerned, was the purported document, plus the law, and under same he took as a statutory claimant. The latter may more appropriately be said to be the correct theory where a will is not revoked as to other persons benefited by same.

■ From the foregoing it necessarily follows that this action is in no sense a collateral attack upon the judgment of the probate court admitting the will to probate. That judgment merely established the instrument in question as the last will and testament of Mrs. Conroy. It was not established, however, as consisting solely of the written words, but as consisting of such words, plus the engrafted law. It follows, then, that the plaintiff was in no manner seeking to set aside, modify or annul the judgment of probate. He was merely seeking to enforce his rights thereunder as the same were modified by the statute. It matters not that in this particular instance the statute may have had the effect of modifying the written instrument in toto. The will, as well as the judgment of probate, had the law written into them, and the modification of both was by the operation of law, leaving no necessity for an action in the probate court to correct or amend the record.

Illustrating, let us assume that the written will of Mrs. Conroy read as follows: "I, Thalia Conroy, hereby devise and bequeath unto my husband, R. E. Conroy, all of my estate. If at

my death I should leave a child born after the execution of this will, then this instrument shall have no effect as to said child, unless such child shall die before attaining the age of twenty-one years. In that event, this will shall be binding and shall vest all of my estate in my said husband, R. E. Conroy. But in the event such child, if any, shall attain the age of twenty-one years, then this will, in so far as it affects the legal rights of said child, shall be null and void." No one would doubt that such an instrument would be entitled to probate, and nothing would be added to or taken from its effect by reason of its admission to probate. It being true that the statute becomes engrafted upon the will as an unwritten part of same, it follows, in this instance, that the instrument as probated, with the statute superimposed thereon, reads, in substance, exactly as set out above.

It necessarily follows that there can be no innocent purchaser in a case of this kind.

It has been generally held in practically all similar cases that an action to quiet title, or for ejectment, in the proper forum, is the appropriate remedy of a pretermitted after-born child when his rights have become established by statute. De-Wulf v. DeWulf, 104 Neb. 105, 175 N. W. 884; Breidenstein v. Bertram, 198 Mo. 328, 95 S. W. 828; Rowe v. Allison, 87 Ark. 206, 112 S. W. 395; Chicago, B. & Q. Ry. Co. v. Wasserman, 22 Fed. 872; Smith v. Robertson, 89 N. Y. 555.

The judgments of the Court of Civil Appeals and of the district court are both reversed and the cause is remanded to the district court of Titus County for further proceedings.

Opinion adopted by the Supreme Court December 8, 1937.

Rehearing overruled January 12, 1938.