Lovie Barker v. Daisy Hayes, Appellant.—147 S. W. (2d) 429.

Division Two, February 1, 1941.

*Alcid Bowers* for appellant.

266

*Jos. J. Shy* for respondent.

BOHLING, C.—Lovie Barker instituted this action to determine and quiet title to Lot Seven, Block Two, Hill's Addition, Chillicothe,

Livingston County, Missouri. The judgment determined title under the Statutes of Limitation to be in Lovie Barker. Daisy Hayes, the defendant, appealed.

The case was submitted on an agreed statement of facts. We state the substance of all that is essential. Mathew Spears is the common source of title. Prior to the Civil War, he and Harriett ———, both being slaves, were married according to the usage for the marriage of slaves, and Daisy Hayes, the defendant, is the only surviving descendant, a granddaughter of said Mathew and Harriett. Mathew Spears escaped from his master's plantation, joined the Union Army and, after the close of the war, never returned to his slave wife, Harriett. He acquired title to the real estate in question December 9, 1867. He married Henrietta Spears February 3, 1872. No children were born of this union. They occupied the property as their homestead. Mathew Spears died testate in September, 1894. His will, dated March 4, 1891, and duly probated October 26, 1894, devised and bequeathed ''to my beloved wife, Henrietta Spears, all of my property, both real, personal and mixed, to have and to hold same absolutely.'' Henrietta Spears never renounced her husband's will and lived on the property ''as her home . . . until her death'' on May 21, 1934. Her will, duly probated May 22, 1934, devised her residuary estate, including the real estate involved, to plaintiff, widow of her only son John L. Barker. Mathew Spears died intestate as to Daisy Hayes, no mention being made in his will of any descendant barring her rights in his estate.

Defendant says (citing, among others, the authorities mentioned) that Henrietta Spears was the lawful widow of Mathew Spears, he never having lived with his slave wife, Harriett, after his emancipation (Johnson v. Johnson, 45 Mo. 595, 600, 601, and consult Erwin v. Nolan, 280 Mo. 401, 413, 217 S. W. 837, 841[9]) ; that Daisy Hayes is the sole heir of Mathew Spears (Sec. 317, R. S. 1929, Mo. Stat. Ann., p. 201; Sec. 4477, R. S. 1889; Lee v. Lee, 161 Mo. 52, 56(I), 61 S. W. 630, 631(1) ; Erwin v. Nolan, 280 Mo. 401, 415, 217 S. W. 837, 842[12]) ; that Mathew Spears died leaving a homestead, a widow and an heir; that the homestead passed to the widow, with the right to occupy the same during her life, and upon her death vested in Daisy Hayes, as the descendant of Mathew Spears (Sec. 5439, R. S. 1889) ; that Mathew Spears was without power to defeat the rights of Daisy Hayes in said homestead by a devise thereof to Henrietta Spears (Kaes v. Gross, 92 Mo. 647, 659, 3 S. W. 840, 844; Schorr v. Etling, 124 Mo. 42, 46, 27 S. W. 395, 396) ; that Henrietta Spears, at the death of Mathew Spears, acquired a life estate in the property under the homestead law (Sec. 5439, R. S. 1889) ; and that the Statute of Limitations did not commence to run against Daisy Hayes, as remainderman, until the termination of said life

estate; that is, the death of Henrietta Spears in 1934 (Thomas v. Black, 113 Mo. 66, 70(II), 20 S. W. 657(2)).

■ Under the provisions of Section 8877, Revised Statutes 1889 (now Sec. 525, R. S. 1929, Mo. Stat. Ann., p. 318), a testator is "deemed to die intestate" as to any pretermitted child or descendant of a deceased child, and such pretermitted child or descendant of a deceased child "shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them, and all the other heirs, devisees and legatees shall refund their proportional part." The statute provides protection for the rights of a pretermitted heir without striking down the will except *pro tanto.* [Story v. Story, 188 Mo. 110, 118, 86 S. W. 225, 228; Lawnick v. Schultz, 325 Mo. 294, 302, 28 S. W. (2d) 658, 661.] "The will is not rendered invalid by reason of an omission of the testator to mention one or more of his children; such omission only produces an intestacy as to the interest of the omitted child . . ." [Schneider v. Koester, 54 Mo. 500, 501.] "The children are not bound to claim against the will . . . If the children should never assert their right against the will, the title must remain in the devisee." [Chouquette v. Barada, 23 Mo. 331, 337. See also Cox v. Cox, 101 Mo. 168, 173, 13 S. W. 1055, 1057; Chouquette v. Barada, 28 Mo. 491, 500.]

■ Under defendant's position, the rights and titles of pretermitted descendants vest upon the death of a father (Schneider v. Koester, supra; Vantine v. Butler, 250 Mo. 445, 451(II), 157 S. W. 588, 590[3]; Bunce v. Bunce, 14 N. Y. Supp. 659, 661), and the widow acquires only homestead rights in the home place against pretermitted descendants, as though the father had died intestate. This ignores the effect, if any, of Mathew Spears' will and any action had in connection therewith. ■ Henrietta Spears was the sole beneficiary under said will. She never renounced it. She had the will duly probated. The only logical inference is she accepted its provisions, including the transfer of the fee to the home place. In Jamison v. Wells (Mo.), 7 S. W. (2d) 347, 348[6], we said, citing cases: "Although the instrument under which color of title is claimed may be actually void and convey no title, if it purports on its face to convey the title to the land in question by appropriate words of transfer it will constitute color of title." Henrietta Spears (and her devisee) held possession of the whole of the real estate under claim of title and color of title subsequent to 1894. [Consult Allen v. Mansfield, 108 Mo. 343, 348, 18 S. W. 901, 903; Harriss v. Howard, 126 Ga. 325, 330, 55 S. E. 59, 61.] The homestead law does not preclude a widow from accepting a greater estate under her husband's will. His heirs remain free to timely assert their lawful rights and, in proper instances, may defeat any such devise *pro tanto.* Defendant was eleven years of age in 1894. She took no timely steps to render

ineffective her father's devise to his widow. This action was instituted in 1938, approximately forty-four years after Henrietta Spears accepted the provisions of her husband's will. In the interval, title by limitations had become vested in Henrietta Spears. [Secs. 850, 852, R. S. 1929, Mo. Stat. Ann., pp. 1121, 1126. Consult Givens v. Ott, 222 Mo. 395, 420(IV), 121 S. W. 23, 29(4) ; Deck v. Wofford, 282 Mo. 564, 579, 222 S. W. 443, 448; the Chouquette v. Barada cases, supra; Reno v. Blackburn, 24 Ky. L. 1976, 1978, 72 S. W. 775, 776; Tillotson v. Hill (Tex. Civ. App.), 297 S. W. 603, 606[2].]

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM :—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.