**MAGNOLIA PETROLEUM CO. v. KIBBE et al.**

No. 12193.

Court of Civil Appeals of Texas. San Antonio.

Dec. 6, 1950.

Rehearing Denied Jan. 10, 1951.

736

Roy C. Ledbetter, Walace Hawkins, Dallas, Royce A. Oxford, Kelley, Looney, McLean & Littleton, and Victor C. Rochelle, all of Edinburg, Chas. E. Thompson,. McAllen, for appellant.

Hill, Lochridge & King, Mission, for appellees.

NORVELL, Justice.

By judgment in trespass to try title, plaintiffs, Irvin Kibbe, Frank W. Kibbe, Jr., and Rosalis Kibbe McCroskey, were awarded an undivided one-half interest in two tracts of land in Hidalgo County, Texas. The Magnolia Petroleum Company, one of the defendants below, holds an oil, gas and mineral lease purporting to cover all of the two tracts involved and brings the case here.

Trial was to the court without a jury and detailed findings and conclusions of law were filed. In his findings and conclusions a number of theories supporting the judgment were advanced. It is not, however, deemed essential to notice all of them here. The following statement from the findings of fact, stipulations of the parties and the uncontroverted evidence is deemed sufficient.

The common source of title to the tracts involved was F. W. Kibbe and the property was a part of the community of the said Kibbe and his wife, Loula Rose Kibbe.

On July 16, 1908, Frank W. Kibbe published a last will and testament which named his wife, Loula Rose Kibbe, as the sole beneficiary and designated her as independent executrix of the estate. No mention was made of children who might thereafter be born.

Frank W. Kibbe and Loula Rose Kibbe were each married one time only. They had three children, the appellees here, who are the heirs at law of Frank W. Kibbe.· All of them were born after the execution of the will above mentioned,

and the youngest child became twenty-one years old on October 31, 1937.

Frank W. Kibbe died on November 13, 1931, and his will was probated in Cameron County upon application of his widow, Loula Rose Kibbe.

On January 16, 1942, judgment by default was rendered on an amended petition filed October 3, 1941, in Cause No. AA-423 on the docket of the 93rd District Court of Hidalgo County in favor of plaintiff, Pharr-San Juan Independent School District and interveners, State of Texas, Hidalgo County and Hidalgo County Water Improvement District No. Two, for the amount of accrued taxes for the years 1920 to 1940, both inclusive, and the tax liens securing said taxes were ordered foreclosed. At the sale, the property was bought in by the school district and thereafter sold to Frank Thomason, who executed an oil and gas lease on the property under which the appellant, Magnolia Petroleum Company now holds.

The parties to the tax lien foreclosure judgment which have relevancy here, were "Loula Rose Kibbe, individually and as executrix of the estate of Frank W. Kibbe."

The trial judge concluded as a matter of law that:

"The plaintiffs Rosalis Kibbe McCroskey, Frank W. Kibbe, Jr., and Irvin Kibbe are pretermitted children of Frank W. Kibbe, deceased, within the provisions of Article 8293 before its amendment by Acts 51 Legislature (1949) Chapter 120, Sec. 1, p. 218.

"As such pretermitted children of Frank W. Kibbe the said plaintiffs Rosalis Kibbe McCroskey, Frank W. Kibbe, Jr., and Irvin Kibbe, were, and still are, the owners of an undivided one-half of the property involved in this suit, prior to the institution of Cause No. AA-423 in the 93rd District Court of Hidalgo County, Texas.

"The provisions of Article 8293 as it existed prior to its amendment in 1949 were ingrafted upon and became an unwritten part of the will of Frank W. Kibbe, deceased, and of the order of the County Court of Cameron County, Texas, admitting same to probate."

Article 8293, as the same existed at the time of the tax lien foreclosure judgment here involved (i. e., prior to the 1949 amendment), reads as follows:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child, and shall be void, unless the child die without having been married and before he shall have attained the age of twenty-one years." [1]

By paraphrasing the Supreme Court's language in Conroy v. Conroy, 130 Tex. 508, 110 S.W.2d 568, we may say that a proper construction of the will of Frank W. Kibbe, taken with the statutory provision above set out, is as follows: "I, Frank W. Kibbe, do now here give, demise and bequeath to my wife, Loula Rose Kibbe, all of my estate; provided, however, that if at my death I should have a child born after the execution of this will, then this instrument shall have no effect as to said child, unless such child shall die before attaining the age of twenty-one years. In that event this will shall be binding and shall vest all of my estate in my wife, Loula Rose Kibbe. But in the event such child, if any, shall attain the age of twenty-one years then this will, insofar as it affects the legal rights of said child shall be null and void."

In contending that the tax foreclosure judgment was binding upon the Kibbe heirs, the appellant, by means of six points of error, presents two principal arguments, i. e., (1) the Kibbe heirs were bound through representation by Mrs. Loula Rose Kibbe as a "survivor in community," and (2) the Kibbe heirs were bound through representation by Mrs. Loula Rose Kibbe as executrix of the estate of Frank W. Kibbe, deceased.

■ This latter position taken by appellant is clearly untenable under the express wording of the statute which makes each and every provision of a will void as to pretermitted children. This invalidation applies alike to the provision relating to the appointment of an executrix as well as to the provisions controlling the disposition of property.

Loula Rose Kibbe was never the legally appointed executrix of the estate insofar as appellees were concerned, and cases such as Howard v. Johnson, 69 Tex. 655, 7 S.W. 522, and Baldwin v. Hull-Daisetta Independent School District, Tex.Civ.App., 95 S.W.2d 1350, which hold that devisees are bound by a judgment rendered against a duly appointed executor, are not in point here. This is made clear by the decision of the Supreme Court in Taylor v. Martin's Estate, 117 Tex. 302, 3 S.W.2d 408, 409, wherein it was held that although a will could be probated even though a minor pretermitted child be living, no letters testamentary could then issue as the statute made the will inoperative during the life of an after-born child, and rendered the will *void* unless the child should die without having been married and before attaining the age of twenty-one years.

■ In 1941 and 1942, when the petition was filed, citation issued and judgment rendered in the tax suit, the youngest of the Kibbe children was over twenty-one years of age. There never was a time when Mrs. Kibbe's appointment as executrix was effective as to appellees. As to them such appointment was wholly void, and it follows that no judgment rendered against Loula Rose Kibbe as executrix could bind them in any way.

[1]. In 1949, the 51st Legislature added the following proviso to the statute, "provided, however, that where the surviving wife is the mother of all of testator's children and said surviving wife is the principal beneficiary in said testator's last will and testament to the entire exclusion, by silence or otherwise, of all of said testator's children, then and in that event the foregoing provisions of this Article shall not apply or be considered in the construction of said last will and testament." Acts 1949, 51st Leg. p. 218, ch. 120, § 1, Vernon's Ann. Civ.St. art. 8293.

The fact that a part of the taxes sued for accrued after the death of Frank W. Kibbe does not alter the situation. The appellees were then the absolute owners of an undivided one-half interest in the property and their rights could not be foreclosed by serving citation upon an executrix whose appointment was void insofar as they were concerned

In the tax suit petition and the judgment rendered thereon, the capacity of Frank W. Kibbe's widow was designated as that of "Loula Rose Kibbe, individually and as executrix of the estate of F. W. Kibbe, deceased." For the reasons pointed out, the tax judgment against Mrs. Kibbe *as executrix* could not bind the appellees. It would likewise seem that a judgment against Mrs. Kibbe, "individually", would not bind the heirs. The petition sought to designate the capacities in which Mrs. Kibbe was sued and as it did not mention the capacity of "survivor in community," it is difficult to understand how the rights of the heirs could be foreclosed upon the theory that Mrs. Kibbe was sued in the capacity of a survivor in community. In Millsap v. Peoples, 116 Tex. 180, 288 S.W. 181, 182, the Supreme Court, in answering certified questions, said: "The sale under execution against Mrs. Lockley individually passed only her title to the property. It did not affect the interest of others in the same, although she was, at the date of the judgment, the duly qualified community survivor. The survivor as an individual is a stranger to the estate. As an individual, she is a separate juristic person from the legal representative of the estate. Either may be sued according to the liability asserted, and each must be sued in the capacity in which she is liable. Speer's Marital Rights, § 586. The representative of the estate not having been sued, the estate was not, of course, before the court, and the judgment being against Mrs. Lockely individually, only property belonging to her individually could be taken in satisfaction."

Appellant's "survivor in community" argument, as we understand it, is this: The property involved was the community property of Frank W. Kibbe and Loula Rose Kibbe and, therefore, the taxes which had accrued prior to Kibbe's death, for the years 1920 to 1931, inclusive, constituted a community debt, which the survivor was authorized to settle by applying community funds and property to its discharge. Therefore, an involuntary judgment against her followed by a foreclosure upon property which had been part of the community would pass the title of the heirs in and to the property involved. This theory is predicated upon such cases as Griffin v. Stanolind Oil & Gas Co., 133 Tex. 45, 47, 125 S.W.2d 545, and Carter & Rusk v. Conner, 60 Tex. 52, wherein the powers of a survivor in community are likened to those of a surviving partner of a business or commercial firm.

In addition to the fact that certain legal capacities of Loula Rose Kibbe were designated in the petition and she was not sued as a survivor in community, there are other serious objections to appellant's theory. It is said that in 1942 Mrs. Kibbe was acting as a survivor in community, even though her husband had been dead over ten years and she had presented a will for probate in which she was named as executrix. While this will was invalid as to the heirs, it shows that Mrs. Kibbe was not purporting to act as a survivor in community. Further, it was indicated in Williams v. Hardie, 85 Tex. 499, 22 S.W. 399, that the rights of a survivor in community are not unlimited as to time. And then appellees present a counter-contention which in our opinion must be sustained. For the reasons above pointed out, a judgment against Loula Rose Kibbe "as executrix" will not bind the heirs, and appellees say that there was no service of citation in the tax suit upon Mrs. Kibbe, "individually", even if it be conceded that a suit against her individually could bind her as a survivor in community.

The tax judgment, upon its face, obviously does not bar the heirs. They are not named therein and are not parties to it. Under appellant's theory, in order to affect appellees' property interests, it is necessary to go outside of and beyond

the judgment and show that the property involved was the community property of Frank W. Kibbe and Loula Rose Kibbe and that the taxes assessed against it constituted a community obligation.

 This brings the case under the rule set forth in 25 Tex.Jur. 681, Judgments, § 251, that, "when one, who has an interest in the subject matter of an action to which he was not made a party finds that he suffers injury by the judgment rendered, he may assail it collaterally, insofar as it is prejudicial to him. Thus any person having an interest in land—such as an owner, cotenant, or a person in lawful possession—who was not made a party to a suit involving the land, may collaterally assail the judgment rendered therein whenever he deems it proper to do so. * * * It is apparent therefore, that the ordinary rule * * * permitting collateral attack by a party to prevail only in the event that he can show the judgment to be absolutely void for want of jurisdiction, has no application when the attack is launched by an interested third person. On the contrary such a person may assail the judgment on any ground which a party thereto could urge on a direct attack. Nor is he obliged, as is a party, to prove by the record that the judgment is a nullity."

If the appellant seeks by proof outside the judgment to show that said judgment affects appellees, then appellees may in this, a collateral proceeding, attack the default judgment in any way available to a party thereto upon a direct proceeding, including a showing that proper service of process was not had. The citation introduced in evidence in this case by the appellant shows the following return:

"Came to hand on the 15th day of Oct. 1941 at 2 o'clock p. m. and executed in Cameron County, Texas, by delivering to each of the within named defendants, in person, a true copy of this citation, (together with the accompanying certified copy of the plaintiff's petition) at the following times and places:

"The Estate of F. W. Kibbe by serving its Executrix Loula Rose Kibbe."

The words, "The Estate of F. W. Kibbe by serving its Executrix Loula Rose Kibbe," were written into a space provided therefor in the printed form.

 From the return, it appears that the officer attempted to serve process only upon "the Estate of F. W. Kibbe" and not upon Loula Rose Kibbe, individually, and this return supports the trial court's conclusion that the service was a nullity insofar as appellees were concerned. 25 Tex.Jur. 720. Appellees were not bound by a judgment against Loula Rose Kibbe as executrix, and if she was not served with legal citation as an individual, appellees rights to their property could not be foreclosed upon the theory that the judgment against Loula Rose Kibbe individually should be considered as one rendered against a survivor in community.

We are of the opinion that none of appellant's points discloses a reversible error, and the judgment of the trial court is accordingly affirmed.