### HILL v. JOSEFFY.
#### No. 12532.

Court of Civil Appeals of Texas.
San Antonio.
June 10, 1953.

Rehearing Denied July 15, 1953.

Rogers & Sawtelle, San Antonio, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, John H. Wood, Jr., and P. H. Swearingen, San Antonio, for appellee.

POPE, Justice.

This appeal concerns the rights of a beneficiary under a will as affected by the rights of two pretermitted children, under Article 8293, Vernon's Ann.Civ.Stats.

The property involved was the separate property of the testator and consisted of both real and personal property. In 1943, Rafael Joseffy was serving as an officer in the United States Air Force Reserve, and shortly before going overseas he executed a will in accordance with the requirements of Article 8283, Vernon's Ann. Civ. Stats. He was single at that time and devised all of his property to his mother, Mrs. James W. Hill, the appellant. He also named her as executrix. In 1946, the testator married appellee, Catherine A. Joseffy, and two daughters were born of that marriage. Mr. Joseffy died on April 22, 1949, without changing his will. The testator's mother made application for the probate of the will and for letters testamentary. The testator's wife, individually and as next friend of her two children, contested the will and asked that she be named administratrix of the estate. The probate and district courts admitted the will to probate, but suspended its operation unless the daughters both die without marrying or attaining the age of twenty-one. The testator's wife was appointed administratrix of the estate.

All parties recognize that the will was properly admitted to probate. Taylor v. Martin's Estate, 117 Tex. 302, 3 S.W.2d 408. All parties further recognize that insofar as the rights of the pretermitted children are protected by art. 8293, the judgment is correct wherein it renders the will inoperative and ineffective unless the children die without marriage or becoming twenty-one. Art. 8293; Conroy v. Conroy, 130 Tex. 508, 110 S.W.2d 568; Taylor case, supra. But the testator's mother appeals on three main points: (1) That to

the extent that there is property left after fully protecting the rights of the children under arts. 8293 and 2571, Vernon's Ann. Civ.Stats., the will is operative to presently vest benefits in the beneficiary named in a will, (2) that there is no need for an administratrix or executrix, but only a guardian of the estates of the children, and (3) that art. 8290, Vernon's Ann.Civ. Stats., permits a testator in actual military service to dispose of chattels without the restrictions imposed by art. 8293.

Appellant, in the first of the stated points, concedes that the testator's children are entitled to everything they would have received under the statutes of descent and distribution because of Article 8293, which forces their heirship, and that the will is inoperative as to that portion of the testator's estate unless the contingencies stated by the statute occur. In fact, she asserts no claim to that portion of the property because the law is settled that pretermitted children shall be protected by receiving property as in the case of intestacy. Article 2571 states how property descends in the case of intestacy with a surviving spouse. It states:

> "If the deceased have a child or children, or their descendants, the surviving husband or wife shall take one-third [1/3] of the personal estate, and the balance of such personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life, in one-third [1/3] of the land of the intestate, with remainder to the child or children of the intestate and their descendants."

■ By the terms of that statute, the child or children, shall receive a total of two-thirds of the personal estate and two-thirds of the land, with remainder to the child upon death of the surviving parent. The rest of the property, under Article 2571, does not vest in the child or children.

■ Appellant argues that the will remains partially operative; that Article 8293 renders the testator's will only partially inoperative, and that the remaining

portions of the estate vest in the testator's mother by the terms of the will. This argument is based on the wrong premise, that Article 8293 states that *children* are entitled to property they would have received under intestacy in the case of pretermission. Actually, the statute itself does not undertake to state who shall benefit; it states in clear language, "Every last will and testament [in case of pretermission] *shall have no effect* during the life of such afterborn child, and shall *be void * * ** [stating the contingencies]." Appellant's premise would add words to the statute that are not there. She would change the statute to read: "Every last will and testament (in the case of after-born children) shall have no effect *as to such child or children,* during the life of such after-born child, and shall be void * * *." If the statute rendered the will inoperative as to pretermitted children only, the inference would follow that other beneficiaries in the will were unaffected by the statute. But the statute on its face makes no inference that the will is only partially ineffective. On the contrary, it states, without restrictive or limiting words, that *"Every last will and testament * * shall have no effect * * *."* Once a state of facts exists that renders the last will and testament ineffective, we then look to the laws of descent and distribution, and in this instance to Article 2571. Whatever that article says, is the way the property descends. The only way we can arrive at any other conclusion is to write into a statute that it means partial revocation or ineffectiveness, when it says, "every will"—all of it—is rendered ineffective.

Several cases have arisen under Article 8293, but they concerned the rights of children. The children's rights are here admitted; and the rights of another person here placed in issue. Taylor v. Martin's Estate, supra [117 Tex. 302, 3 S.W.2d 410], was an example where, rather than presently vesting one-third of the $85,000 cash estate in testator's sister, the court admitted the will to probate only because the occurrence of the contingencies stated in art. 8293 might make the will operative. But the court there did not treat the will

as operative in part and inoperative in part. It treated the will as presently and totally ineffective and suspended. The court, in the course of its opinion, stated that, "The law wrote into the testator's will the terms of the statute." And in applying that statement to the case, it admitted the will to probate because the law added a contingency where there were pretermitted children. The entire will was treated as a contingent will, wholly operative if the child die without having been married and before attaining the age of twenty-one years; but in the event those contingencies did not occur, the will was treated as wholly inoperative. So the statute is written into the will in the sense that it made the will a wholly ineffective one, subject to a contingency. Nothing about that case leads us to a conclusion that the Supreme Court considered the will effective in part and ineffective in part.

However, subsequent cases have seized upon the words of the opinion which stated that the statute was written into the will, and have written what Article 8293 does not authorize. Those opinions state that the statute is "engrafted" onto the will in a manner entirely different from what the Supreme Court meant and did in the Taylor case. They have departed from the statute and the Taylor case, which made a will wholly valid or invalid depending upon a contingency, and have made statements indicating that a will under art. 8293 may be valid pro tanto. Chatham Phenix Nat. Bank & Trust Co. v. Hiatt, Tex.Civ.App., 78 S.W.2d 1105, by this Court, was a case where a wife was the sole devisee in her husband's will. A pretermitted child was awarded one-half of the property and the mother received the other half. But the mother was entitled to that property because it was community property, art. 2579, and it is not correct to argue that the case recognized the will as partially valid and partially ineffective. Magnolia Petroleum Co. v. Kibbe, Tex.Civ.App., 235 S.W.2d 735, also by this Court, was another suit concerning community property, so that the wife owned one-half and the children one-half. The wife was the sole devisee of her husband, but when the pretermitted children claimed and won their property by inheritance, under Article 8293, the wife also claimed and owned one-half of the property because it was community property—not because that was what was left under the will after the children got theirs.

Conroy v. Conroy, 130 Tex. 508, 110 S.W.2d 568, is the strongest expression called to our attention in support of appellant's contention that the will is only partially ineffective, but that it is effective except insofar as the statutory rights of the pretermitted child are concerned. The testatrix there made her husband the sole devisee of her separate estate. A pretermitted child, after arriving at the age of twenty-one when his estate vested, was awarded all that the statutes of descent and distribution granted him. What was left of the separate estate—one-third life estate in the wife's separate realty—was awarded the husband. Did he get it under the will because that was what was left of the devise under the will after satisfying the child's inheritance, or did he get one-third life estate in his wife's separate property because that is the exact amount he would receive from his wife under the laws of descent and distribution? Art. 2571. Did he recover it because the will was partially valid and partially void, or because the will was totally ineffective and that was his share by intestacy? The result of the case would be the same if the property passed by the will or by descent and distribution, but the language of that case conflicts with the Taylor case.

Adverting again to the Taylor case, it may be said that it is the only instance called to our attention where a beneficiary was named in a will who was not also entitled by inheritance to the same property. In that case the beneficiary was not presently awarded anything, from which we infer that the Supreme Court approves the foregoing analysis that the statute means what it says and declares the will totally ineffective until the contingency occurs. In all of the other cases the beneficiary under the will was also entitled by inheritance to the exact amount of property received, and it is believed that the property passed by

inheritance rather than by force of partial present validity of the will.

This whole case may be solved by reading and following the statute. We are not convinced that it is sound statutory construction to declare a will effective when a statute declares that it "shall have no effect * * * and shall be void." Nothing in the words selected by the Legislature in writing Article 8293 suggests that it was intended to be ineffective pro tanto, or that it would be ineffective "as to the pretermitted child only." To reach that result, it becomes necessary to add words that are not there. Our conclusion is fortified by comparing the language of the two articles immediately preceding Article 8293. Article 8291 concerns posthumus children, and Article 8292 concerns situations where a child is living when a will is executed and another child is born after the will is executed. In both of those statutes there is an express provision stating the manner in which the child's portion shall be made up. In both it is stated: "which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by such last will and testament * * *." Inasmuch as they only contribute a part of their devise or legacy, and because it comes out of what is "devised and bequeathed", the will is operative in part. Articles 8291 and 8292 expressly recognize pro tanto validity of devises and legacies; Article 8293 expressly declares the will is ineffective and void. Under Articles 8291 and 8292 the statutes declare that children shall receive a stated amount, and that the amount is made out of portions given beneficiaries under a will. Under Article 8293 the will is declared ineffective and no provision is made that the children's part shall be made out of a valid portion of a will.

Varying results are reached by the cases in different states, depending upon the wording of the various statutes. Partial validity of a will has been upheld in many states, but our examination of those cases reveals that the statutes compel that result. Statutes which entitle a child to compel contribution among beneficiaries under a will, as we have pointed out in the case of arts. 8291 and 8292, have been held to mean that the will is valid pro tanto. Hedlund v. Miner, 395 Ill. 217, 69 N.E.2d 862, 170 A.L.R. 1306. Statutes sometimes have limiting words so that a will is declared ineffective "so far as shall regard any such child or children," or such similar verbiage. The inference from such saving words is that the rest of the will is valid. Such cases in holding that the will is ineffective pro tanto only, are construing a statute unlike the Texas statute. Barker v. Hayes, 347 Mo. 265, 147 S.W.2d 429; Gibson v. Johnson, 331 Mo. 1198, 56 S.W.2d 783, 88 A.L.R. 369; Lawnick v. Schultz, 325 Mo. 294, 28 S.W.2d 658; Northrup v. Marquam, 16 Or. 173, 19 P. 449, 457.

■ Appellant's next point is that there is no need for an administration. That the will named appellant as executrix is of no consequence. This Court stated in Magnolia Petroleum Co. v. Kibbe, Tex.Civ. App., 235 S.W.2d 735, 737: "This latter position taken by appellant is clearly untenable under the express wording of the statute which makes each and every provision of a will void as to pretermitted children. This invalidation applies alike to the provision relating to the appointment of an executrix as well as to the provisions controlling the disposition of property." And, as stated in the Taylor case by the Supreme Court: "The necessary effect of the plain language of article 8293 is to require that the estate of W. F. Martin be administered and distributed by the probate court as though W. F. Martin had died intestate, so long as his son shall live." The appointment of an administrator was proper.

■■ Appellant's final point is that the testator, as a soldier, executed his will in compliance with the provisions of Article 8290, which states that any "soldier in actual military service * * * may dispose of his chattels without regard to the provisions of this title." Article 8290 follows the various statutes which detail the requisites and formalities of wills, and, in our opinion, is a statement of the instance when those formalities are excused. That Article was meant to excuse the usual statutory formalities in the case of military personnel. '57 Am.Jur., Wills, § 661. The

privilege accorded soldiers and sailors to dispose of chattels without regard to the usual formalities is said to be "a very dangerous privilege, to be used only when he can not make a written will of the regular type, signed and witnessed as required by statute." Vol. 1, Page on Wills, § 410. Moreover, the testator in this case did not seek to avail himself of the privilege accorded by Article 8290, but, on the contrary, executed a formal written will, properly executed and witnessed. The will involved in this suit was a formally executed will under the provisions of Article 8283. Article 8290 is irrelevant to this litigation.

The judgment of the trial court is affirmed.

NORVELL, Justice.

I respectfully dissent from the majority opinion which holds that the effect of the birth of the two children after the execution of the will by Rafael Joseffy was to revoke the will in toto, subject only to the contingency that the will would become effective if the children should die before reaching the age of twenty-one years. The Supreme Court has determined that the purpose of Article 8293 is to protect the rights of children born after a will is executed. This objective is attained by regarding the will as ineffective to destroy the rights such children have under the statutes of descent and distribution. In Conroy v. Conroy, 130 Tex. 508, 110 S.W. 2d 568, 570, the Supreme Court so construed the statute, but has held that its provisions go no further in avoiding the testamentary declaration. A rule of construction was set out in the Conroy case and a specific illustration of its application given. It was said that the effect of the statute was to insert a proviso in the will that, "If at my death I should leave a child born after the execution of this will, then this instrument shall have no effect *as to said child,* unless such child shall die before attaining the age of twenty-one years." The Court further pointed out that, "It may frequently happen that wills pretermitting an after-born child *may confer benefits upon various persons, and as to them the will is subject to probate,* as well as because of its condi-

tional character due to the probability of an after-born child dying before reaching the age of twenty-one years." (Italics mine.)

If these expressions in Conroy v. Conroy be regarded as not strictly essential to a decision of the particular case, they must be considered as judicial dicta rather than mere obiter. Thomas v. Meyer, Tex.Civ. App., 168 S.W.2d 681, 685; Alexander v. Worthington, 5 Md. 471; Chase v. American Cartage Co., 176 Wis. 235, 186 N.W. 598; City of Detroit v. Michigan Public Utilities Commission, 288 Mich. 267, 286 N.W. 368.

I would reverse the judgment.